# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:14CV328 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BAZIS, County Court judge Douglas County and all Judges of such court, | ) | |
| Defendants. | ) | |

Plaintiff Billy Tyler ("Plaintiff") filed his Complaint (Filing No. 1) in this matter on October 23, 2014. Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued all judges of the Douglas County Court. He alleges these judges have arrested and jailed him "many times on warrant[s] emanating from unpaid fines [and] costs that were imposed" by them. (Filing No. 1 at ECF 2.) He alleges the judges' actions deprived him of due process and equal protection of law. In addition, he alleges their actions violate the Nebraska Supreme Court's decision in *State v. Holloway*, 322 N.W.2d 818 (Neb. 1982).[1]

---

[1] In *State v. Holloway*, the Nebraska Supreme Court held that, under Nebraska Revised Statutes §§ 29-2206 and 29-2412: "a defendant, upon whom a fine has been imposed and who has the ability to pay a fine, must be given the opportunity to do so, and that a defendant who can pay but not in one lump sum must be given an opportunity to pay in installments." 322 N.W.2d at 821.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the

alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff seeks monetary relief from "all judges" of the Douglas County Court because he "has been arrested and jailed many times on warrant emanating from unpaid fines [and] costs that were imposed by the defendant county court." (Filing No. 1 at ECF 2.)

Judges are immune from suit in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, the actions of which Plaintiff complains appear to have been quintessential judicial acts taken by the Douglas County Court judges in their judicial capacities about criminal matters over which they had jurisdiction. *See* Neb. Rev. Stat. § 24-517. Plaintiff has not alleged that the judges' actions were nonjudicial in nature or that their actions were taken in the complete absence of all jurisdiction. The Court need not provide Plaintiff with an opportunity to amend his claims against Defendants because amendment would be futile, as this court does not have subject matter to review previous judgments entered by

3

a state court. Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000) ("A general federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.") (internal quotation marks omitted).

In addition, to the extent Plaintiff seeks to have this court intervene in a matter currently pending in state court, abstention from entertaining such a claim is warranted under *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

Here, Plaintiff's Complaint clearly indicates that a state court case (presumably a criminal case) is ongoing. (*See* Filing No. 1 at ECF 1-2 ("the judges of the county defendant court are currently threatening Plaintiff with [jail] in an ongoing case").) He has not alleged that he cannot assert his concerns in the state court proceedings. Moreover, the prosecution of crimes is an important state interest. Accordingly, this Court will abstain from exercising jurisdiction over Plaintiff's claims for injunctive and declaratory relief.

IT IS ORDERED:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of February, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge